IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 21-cv-2357

TONY TWISS,

    Plaintiff

v.

EL PASO COUNTY SHERIFF'S OFFICE;
WILLIAM ELDER A/K/A BILL ELDER;
WILLIAM DAVID HUFFOR A/K/ A BILL HUFFOR,

    Defendants

## COMPLAINT

Plaintiff Complains of Damages against Defendants, El Paso County Sheriff's Office, William Elder a/k/a Bill Elder, and William David Huffor a/k/a Bill Huffor, based on the following:

### INTRODUCTION

*(Tony Twiss was arrested and charged with felony assault for shining a flashlight.)*

1. Defendants El Paso County Sheriff's Office (hereinafter "Defendant Sheriff's Office") and William Elder (hereinafter "Defendant Elder") allowed Defendant William Huffor (hereinafter "Defendant Huffor") to operate unrestrained in his role as El Paso County Deputy Sherriff.

2. While mad with power, Defendant Huffor arrested Plaintiff Tony Twiss (hereinafter "Mr. Twiss" or "Plaintiff") under C.R.S. §18-3-203, Second Degree Assault on a Peace Officer (a Felony) in violation of Federal and State Constitutions. This charge was based on a false set of facts presented by Defendant Huffor surrounding an incident in which Mr. Twiss shone a flashlight in Defendant Huffor's direction.

3. Defendant Huffor then proceeded to write the probable cause affidavit and order his subordinate officer to sign it, though that officer had not been present during any of the events.

4. Plaintiff was wrongfully arrested and detained for approximately one day for a charge that was not substantiated by the attendant facts of this interaction.

5. Plaintiff was required to post bail to secure his release from jail.

6. Defendants conspired to and did suborn false evidence and testimony that led to the wrongful arrest and detention of Mr. Twiss.

7. Defendant Huffor's unfettered power and lack of oversight and management by the El Paso County Sheriff's Office and Defendant Elder led to this action.

8. Further, Defendant Huffor's lack of regard for the rights of the citizens of El Paso County made him unfit for service.

9. No disciplinary action has been taken against Mr. Huffor for this incident or any others.

10. Upon information and belief, no investigation was made into this incident by El Paso County or the El Paso County Sheriff's Office.

11. Mr. Twiss was detained that night and was not able to be released until the following day, when he posted a bond.

12. Mr. Twiss then had to appear for court, causing him to lose more income.

13. The trauma from this incident has had ongoing and potentially permanent effects on Mr. Twiss's mental health and stability.

14. Mr. Twiss has lost friends, family, and work opportunities because of this incident

## Parties, Jurisdiction, and Venue

11. Plaintiff, Tony Twiss is an individual residing in the county of El Paso, at 4583 Clinebell Lane, Colorado Springs, Colorado.

12. Defendant William Elder, also known as Bill Elder, is an individual who, under information and belief, resides at, 3823 Windsong Court, Colorado Springs, Colorado 80917, who is neither incompetent, nor in military service

13. Defendant William Huffor, also known as Bill Huffor, is an individual, residing at 5547 Vantage Vista Drive, Colorado Springs, Colorado 80919, who is neither incompetent, nor in military service.

14. Defendant El Paso County Sheriff's Office is a public entity, whose principal place of business is 27 East Vermijo Avenue, Colorado Springs, Colorado 80903.

15. Plaintiff brings this action pursuant to 42 U.S.C. 1983 and C.R.S. §13-21-131 for damages resulting from violations of his rights under the Fourth Amendments and Article II Section Seven of the Colorado Constitution.

16. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. 1331.

17. The Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. 1367.

18. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) because the Defendant resides in this district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## Factual Allegations

19. On August 31, 2020, Mr. Twiss was wrongfully arrested by Defendant Huffor and was later maliciously prosecuted in violation of Federal and Colorado Constitutional principles.

20. Defendant Huffor was a lieutenant Sheriff at the time of this incident.

21. Defendant Huffor was on-duty and in uniform at the time of the subject incident.

22. Defendant Huffor was acting under color of law at the time of the subject incident.

23. Defendant Huffor has the authority to detain and arrest members of the public when on duty.

24. Defendant Huffor deprived Mr. Twiss of rights secured under article II of the Colorado State Constitution.

25. On August 31, 2020, Mr. Twiss shone a flashlight into the window of an unmarked vehicle idling outside of his home to ensure his family was safe.

26. That same vehicle was later identified as the El Paso County Sheriff's vehicle occupied by Defendant Huffor.

27. Defendant Huffor demanded to see the identification card of Mr. Twiss and Mr. Twiss parked in his own driveway to speak with the officer.

28. Defendant Huffor pulled his vehicle behind Mr. Twiss's vehicle so that it partially blocked one side of the driveway.

29. Defendant Huffor did not observe Mr. Twiss committing any illegal acts and had no justifiable cause to demand Plaintiff's identification.

30. Defendant Huffor told Mr. Twiss that shining a light into a parked vehicle "could get you hurt."

31. Upon information and belief, Defendant Huffor used Mr. Twiss' identification to begin a background check against Mr. Twiss.

32. Defendant Huffor refused to move the unmarked Sheriff vehicle out of the driveway, so that Mr. Twiss could complete his trip to the store.

33. Mr. Twiss went to attempt to move around the vehicle, which was partially blocking his path.

34. Defendant Huffor did not ask Mr. Twiss to come back or even ask him to turn back around.

35. Instead, Defendant Huffor, ran up behind Mr. Twiss and grabbed him by the right arm.

36. Defendant Huffor then forcefully pulled Mr. Twiss to the hood of the unmarked Sheriff vehicle.

37. Defendant Huffor held Mr. Twiss against the Sheriff vehicle and told Mr. Twiss he was under arrest while forcefully slapping handcuffs on Mr. Twiss.

38. Mr. Twiss asked why he was being arrested.

39. Defendant Huffor responded that he was going to be charged with assault upon a police officer.

40. Mr. Twiss protested that he never touched the officer.

41. Defendant Huffor stated that Mr. Twiss had shone a light into his face.

42. Upon information and belief, Defendant Huffor knew he did not have probable cause for an arrest and acted maliciously, willfully, and knowingly to violate the rights of Mr. Twiss and restrict his freedom.

43. Mr. Twiss knew he was deprived of liberty when he was cuffed, taken to the jail, and held until he bonded out.

44. The court dismissed the charges against Mr. Twiss, since Probable Cause did not exist.

45. Defendant Huffor had no evidence of the charged offense other than his own false statements.

46. Defendant Huffor fabricated facts in a malicious attempt to infringe upon the liberty of Mr. Twiss and procure an unlawful arrest.

47. Upon Information and belief, Defendant Huffor wrote the Probable Cause Affidavit and had another officer sign the declaration.

48. Upon information and belief, the officer who signed the Probable Cause Affidavit had no independent knowledge of the events.

49. Upon information and belief Defendant Huffor wrote the Probable Cause Affidavit and ordered his subordinate to sign it.

50. Defendant Huffor's employer, Defendant Sheriff's Office and Defendant Elder, took no disciplinary action against Defendant Huffor.

51. Upon information and belief, the actions of law enforcement on this date were never investigated by any agency.

52. Upon information and belief, no report was made regarding this incident to any oversight agency.

53. Mr. Twiss has suffered and continues to suffer significant economic and non-economic losses as a direct and proximate result of this incident.

**FIRST CLAIM FOR RELIEF**
**Wrongful seizure and arrest in Violation of the Colorado Constitution**
**Colo. Const. Art. IV, Sec. 7**

54. "The people shall be secure in their persons, papers, homes and effects, from unreasonable searches and seizures; and no warrant to search any place or seize any person or things

shall issue without describing the place to be searched, or the person or thing to be seized, as near as may be, nor without probable cause, supported by oath or affirmation reduced to writing."

55. Defendant Huffor was a lieutenant Sheriff at the time of this incident.

56. The position Defendant Huffor held is within the definition of C.R.S. 24-31-90(3).

57. Defendant Huffor was on-duty and in uniform at the time of the subject incident.

58. Defendant Huffor was acting under color of law at the time of the subject incident.

59. Defendant Huffor deprived Mr. Twiss of rights secured under article II of the Colorado State Constitution and the Federal Constitution by making an arrest without cause.

60. Defendant Huffor demanded to see the identification card for Mr. Twiss while Mr. Twiss was investigating a vehicle idling outside of his home.

61. Defendant Huffor did not observe Mr. Twiss committing any illegal act and had no justifiable cause to inspect his documents.

62. Upon information and belief, Defendant Huffor used the identification and began a background check against Mr. Twiss.

63. Mr. Twiss did not believe he had the option to take back the identification card or go back into the house and ignore Defendant Huffor.

64. Defendant Huffor acknowledged on video, that he took the identification of Mr. Twiss and did not return it to him.

65. Defendant Huffor violated this Colorado Constitutional Article in warrantlessly seizing the person of Mr. Twiss.

66. Mr. Twiss was outside his home, checking the unmarked vehicle idling outside to ensure his family was safe.

67. Defendant Huffor seized Mr. Twiss in violation of the State Constitution.

68. Upon information and belief, Defendant Huffor knew he did not have probable cause for an arrest and acted willfully and knowingly to infringe upon the rights of Mr. Twiss.

69. Defendants had no evidence of offense other than Mr. Huffor's statement.

70. Defendant Huffor wrote the Probable Cause Affidavit and had another officer sign the declaration.

71. The officer who signed the Probable Cause Affidavit had no independent knowledge of the events.

72. There was no indication that Mr. Twiss committed any intentional contact against Defendant Huffor.

73. Upon information and belief, Defendant Huffor fabricated the facts upon which the charges were brought against Mr. Twiss.

74. Upon information and belief, the court dismissed the criminal charges against Mr. Twiss stating that probable cause did not exist for this charge.

75. Defendant Huffor grabbed and pulled Mr. Twiss from behind and forcefully held him against the unmarked Sheriff's vehicle.

76. Defendant Huffor then cuffed Mr. Twiss's hands, forcefully placed him in a police vehicle and instructed the subordinate officer to transport Mr. Twiss to jail and have him booked into custody.

77. Mr. Twiss was aware of the confinement at all relevant times, since Mr. Twiss was awake, alert, and aware of his surroundings throughout his arrest and confinement.

78. Mr. Twiss had not volunteered to go with the officers to the police station, so he did not consent to the confinement.

79. Defendant Huffor had no applicable privilege to confine Mr. Twiss at any relevant time.

80. Qualified Immunity is not applicable for this violation, pursuant to C.R.S. §13-21-131(3)

81. The damages incurred by Mr. Twiss must be indemnified by Defendant El Paso County Sheriff's Office.  C.R.S. 13-21-131(4).

82. Defendant Elder and Defendant Sherriff's Office had the authority and responsibility to direct the actions of, oversee, and train Defendant Huffor at all relevant times.

83. Defendant Elder and Defendant Sherriff's Office failed to intervene or investigate instances of constitutional violations.  Therefore, Defendant Elder and Defendant Sherriff's Office were participants in this Constitutional violation.

84. Mr. Twiss suffered economic losses and loss of liberty as a direct result of Defendants actions

85. Mr. Twiss suffered physical and emotional damages as a direct result of Defendants actions.

## SECOND CLAIM FOR RELIEF
### Malicious Prosecution in Violation of Colorado Law

88. All of the preceding statements are hereby incorporated by reference as those specifically set forth in the below statements.

89. Criminal charges were brought against Mr. Twiss.

90. Those charges were brought because of Defendant Huffor's oral and written statements.

91. The criminal case was dismissed by the court.

92. Defendant Huffor made this statement without probable cause.

93. Defendant Huffor had a malicious intent in making these statements

94. Defendant Elder and Defendant Sherriff's Office failed to intervene in the arrest or charging of Mr. Twiss.

95. Mr. Twiss suffered damages as a direct result of this criminal case, including but not limited to, loss of work opportunity, loss of liberty, loss of financial resources, emotional distress, and inconvenience.

96. Defendants acted in concert and maliciously and knowingly brought charges against Mr. Twiss in order to deprive Mr. Twiss of his freedom.

### THIRD CLAIM FOR RELIEF
### Wrongful seizure and arrest in Violation of the United States Constitution
### Fourth Amendment; 42 U.S.C. § 1983

97. All of the preceding statements are hereby incorporated by reference as those specifically set forth in the below statements.

98. Anyone acting under the color of law who deprives someone of their Constitutional rights shall be liable to the injured party.

99. The Fourth Amendment affirms "(t)he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures…and [provides that] no Warrants shall issue, but upon probable cause, supported by Oath or affirmation…"

100. Defendant Huffor was acting under Color of Law at the time of the subject incident, since he was an on-duty officer for the El Paso County Sheriff's Office.

101. Defendant Huffor violated Mr. Twiss's rights when he detained and arrested Mr. Twiss without probable cause.

102. Defendant Huffor's intent to confine is evident from his grabbing and pulling Mr. Twiss from behind and forcefully holding him against the unmarked Sheriff's vehicle.

103. Defendant Huffor further intended to confine Mr. Twiss, when he cuffed Mr. Twiss's hands, forcefully placed him in a police vehicle and instructed the subordinate officer to transport Mr. Twiss to jail and have him there booked into custody.

104. Mr. Twiss was aware of the confinement at all relevant times, since Mr. Twiss was awake, alert, and aware of his surroundings throughout his arrest and confinement.

105. Mr. Twiss had not volunteered to go with the officers to the police station, so he did not consent to the confinement.

106. Defendant Huffor had no applicable privilege to confine Mr. Twiss at any relevant time.

107. Probable Cause did not exist for this matter, so qualified immunity is not a barrier for Mr. Twiss.

108. Defendant Huffor is believed to have fabricated facts in order to support this unlawful arrest and confinement.

109. Defendant Huffor intentionally restrained and instigated the restraint of Plaintiff against his will for 1 day in the El Paso County Jail, without probable cause, reasonable suspicion, or lawful authority, and/or failed to intercede in the unlawful treatment of Plaintiff as previously described.

110. Because of Defendant Huffor's willful and malicious conduct in causing the false arrest and false imprisonment of Plaintiff in conscious disregard of Plaintiff's rights, Plaintiff may later pursue punitive damages.

111. Defendant Elder and Defendant Sherriff's Office failed to intervene in the arrest or charging of Mr. Twiss.

112. Defendants, acting alone or in concert, and together with others, maliciously, without probable cause and without reasonable grounds, wrongfully caused Plaintiff to pay with 1 day of his life.

113. Because of the false testimony contained in the Probable Cause affidavit filed by Defendants, Plaintiff was unable to avoid his own detainment.

114. Plaintiff is entitled to compensation from Defendants for his payment of incarceration for 1 day of his life for a crime that he did not commit.

115. As described, Plaintiff's wrongful arrest and detention was caused by the acts of Defendants.

116. In equity and in fairness, Defendants should compensate Plaintiff for costs incurred to defend against the prosecution, grievous and permanent injury, including the loss of his liberty for more than 1 day of detainment, court appearances, and the attendant loss of freedom, companionship, loss of reputation, and income; the attendant infliction of mental and physical pain, suffering, anguish and distress in connection with the wrongful incarceration and the deprivation of his constitutional and statutory rights.

117. As a direct and proximate result of the malicious and outrageous conduct of Defendant Huffor, Defendant Elder and Defendant Sherriff's Office as previously described, Plaintiff suffered and continues to suffer emotional distress, mental anguish, pain and consternation associated with being unlawfully incarcerated for 1 day.  Mr. Twiss also suffered economic losses, including but not limited to, loss of earnings, loss of financial resources, medical bills, and loss of reputation.

**FOURTH CLAIM FOR RELIEF**
*(As to Defendant Elder)*
**Negligent Hiring, Training, and Supervision**

118. All of the preceding statements are hereby incorporated by reference as those specifically set forth in the below statements.

119. Defendant Huffor was employed by the El Paso County Sherriff's office and was under the supervision of Defendant Elder at the time of this incident.

120. Defendant Elder owed the Plaintiff a duty of care in hiring, supervising and training Defendant Huffor to avoid incidents such as these.

121. Defendant Elder breached this duty of care in failing to hire proper officers, train those officers, and give those officers proper oversight.

122. Mr. Twiss suffered damages as a direct result of Defendant Elder's failure to uphold his duties to Plaintiff, and those similarly situated.

123. Upon information and belief, Defendant Elder did not create a report of this matter to any oversight agency for review or investigation.

124. Upon Information and belief, Defendant Huffor was permitted by Defendant Elder to retire with full benefits and is eligible for rehire in 2022.

125. Plaintiff reserves the right to amend this and other claims to include punitive damages against all Defendants after some Discovery is conducted.

**FIFTH CLAIM FOR RELIEF**
*(As to Defendant Sheriff's Office)*
**Negligent Hiring, Training, and Supervision**

126. All of the preceding statements are hereby incorporated by reference as those specifically set forth in the below statements.

127. Defendant Sheriff's Office was the employer of Defendant Huffor.

128. Defendant Sheriff's Office owed the Plaintiff a duty of care in hiring, supervising and training Defendant Huffor to avoid incidents such as these.

129. Defendant Sheriff's Office breached this duty of care in failing to hire proper officers, train those officers, and give those officers proper oversight.

130. Mr. Twiss suffered damages as a direct result of Defendant Sheriff's Offices' failure to uphold its duties to Plaintiff, and those similarly situated.

131. Upon information and belief, Defendant Sheriff's Office did not create a report of this matter to any oversight agency for review or investigation.

132. Upon Information and belief, Defendant Huffor was permitted by Defendant Sheriff's Office to retire with full benefits and is eligible for rehire in 2022.

133. Plaintiff reserves the right to amend this and other claims to include punitive damages against all Defendants after some Discovery is conducted.

### SIXTH CLAIM FOR RELIEF
*(As to Defendant Sheriff's Office)*
**Respondeat Superior**

134. All of the preceding statements are hereby incorporated by reference as those specifically set forth in the below statements.

135. Defendant Sheriff's Office must indemnify pursuant to C.R.S. §13-21-131(4).

136. Defendant Huffor was the employee of Defendant Sheriff's Office at the time of the subject incident.

137. All other officers and staff of Defendant Sheriff's Office were also employees of Defendant Sheriff's Office.

138. Defendant Huffor was on duty and in his Sheriff's office uniform at the time of the subject incident.

139. All other uniformed officers, staff, and agents involved in this matter were also employees of Defendant Sheriff's Office at the time of these occurrences and were acting within that scope of employment in their acquiescence to Defendant Huffor's scheme.

140. Defendant Huffor has the authority to detain and arrest members of the public when on duty. That authority went unchecked, though Defendant Sheriff's office had the authority to supervise and direct the actions of Defendant Huffor.

141. Therefore, Defendant Sheriff's office is liable for the acts of its employee, Defendant Huffor and all other officers and employees involved in this occurrence.

### SIXTH CLAIM FOR RELIEF
*(As to Defendant Elder)*
**Respondeat Superior**

142. All of the preceding statements are hereby incorporated by reference as those specifically set forth in the below statements.

143. Defendant Elder must indemnify pursuant to C.R.S. §13-21-131(4).

144. Defendant Huffor was the employee of Defendant Sheriff's Office and Defendant Elder at the time of the subject incident.

145. All other officers and staff of Defendant Elder were also employees of Defendant Elder.

146. Defendant Huffor was on duty and in his Sheriff's office uniform at the time of the subject incident.

147. All other uniformed officers, staff, and agents involved in this matter were also employees of Defendant Elder's at the time of these occurrences and were acting within that scope of employment in their acquiescence to Mr. Huffor's scheme.

148. Defendant Huffor has the authority to detain and arrest members of the public when on duty. That authority went unchecked, though Defendant Elder had the authority to supervise and direct the actions of Mr. Huffor.

149. Therefore, Defendant Elder is liable for the acts of his employee, Defendant Huffor and all other officers and employees involved in this occurrence.

## RELIEF SOUGHT

150. All damages below are hereby incorporated by reference in all claims above and all statements preceding this section are hereby incorporated by reference as though fully set forth within.

151. Plaintiff requests judgment against Defendants, jointly and severally, for compensatory damages in an amount which is fair and reasonable, plus costs of this action, and such other relief as the court deems fair and appropriate under the circumstances.

152. Though such claim is not being present pursuant to Colorado law barring the inclusion at this stage, Plaintiff anticipates that Punitive Damages will be sought after some discovery is conducted, given the willful and malicious nature of the subject incident.

153. Defendants, acting alone or in concert, and together with others, maliciously, without probable cause and without reasonable grounds, wrongfully caused Plaintiff to pay with 1 day of his life.

154. Plaintiff is entitled to compensation from Defendants for his payment of incarceration for 1 day of his life for a crime that he did not commit.

155. In equity and in fairness, Defendants should compensate Plaintiff for costs incurred to defend against the prosecution, grievous and permanent injury, including the loss of his liberty for more than 1 day of detainment, court appearances, and the attendant loss of freedom, companionship, loss of reputation, and income; the attendant infliction of mental and physical pain, suffering, anguish and distress in connection with the wrongful incarceration and the deprivation of his constitutional and statutory rights.

156. Defendants should also be required to compensate Mr. Twiss for the ongoing and permanent damages caused from the trauma inflicted upon Mr. Twiss in this incident.

157. Defendants caused loss of financial resources by forcing Mr. Twiss to post a bond in order to be released prior to his first appearance, and reimbursement for that loss should be awarded to Mr. Twiss.

WHEREFORE, Plaintiff requests judgment against Defendants, jointly and severally, for compensatory damages in an amount to be determined at trial, plus costs of this action, attorney's fees, statutory interest, and such other relief as the court deems fair and appropriate under the circumstances.

Dated: August 31, 2021                               SLIGER LAW FIRM

*/s/ Amber L. Sliger, Esq.*
Sliger Law Firm
222 East Costilla Street
Colorado Springs, CO 80903
Phone: (719) 308-8109
Email: a@sligerlawfirm.com
Attorney for Plaintiff